**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

RANDY L. BURKE,

   Movant.

No. 12-1447
(D.C. No. 1:99-CV-01776-ZLW-MJW)
(D. Colo.)

---

**ORDER**

---

Before **TYMKOVICH**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

  Movant Randy L. Burke, a prisoner of the State of Colorado, seeks this court's authorization to file a second or successive habeas application under 28 U.S.C. § 2254. Because he fails to make the required showing, we deny authorization.

## I. Background

  Mr. Burke was convicted in 1994 of first degree murder, attempt to commit first degree murder, first degree burglary, and first degree assault. He was sentenced to life without parole, 48 years, and 32 years, to be served consecutively. His conviction was affirmed on appeal, and his motion for state post-conviction relief was denied.

  In September 1999, Mr. Burke filed his first application for habeas relief under 28 U.S.C. § 2254. *Burke v. Soares*, No. 1:99-cv-01776-ZLW-MJW, Doc. 3 (D. Colo. Sept. 10, 1999). The district court denied habeas relief on the merits in an order filed on October 24, 2005. *Id.*, Doc. 36. Mr. Burke did not appeal that denial.

In April 2009, Mr. Burke filed a second habeas application. *Burke v. Trani*, No. 1:09-cv-00954-ZLW, Doc. 3 (D. Colo. Apr. 13, 2009). That filing was determined to be a second or successive application and dismissed for lack of jurisdiction in an order filed on May 20, 2009. *Id.*, Doc. 4. Mr. Burke did not appeal. He now seeks this court's authorization to file a second or successive habeas application.

## II. Discussion

Congress has placed strict limitations on second or successive § 2254 petitions. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). In addition,

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mr. Burke's proposed claim is that the judge and the district attorneys who presided over and prosecuted his trial lacked jurisdiction because they failed to comply with the requirements of state law regarding the filing of their oaths and bonds, rendering his conviction and sentence void. However, he does not even assert that this claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A). In addition, he does not rely on any newly discovered evidence "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *Id.* § 2244(b)(2)(B)(ii).

Mr. Burke's application to file a second or successive habeas application is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                        Entered for the Court

                        ELISABETH A. SHUMAKER, Clerk